# *IN THE SUPREME COURT, STATE OF WYOMING*

## 2021 WY 132A

*October Term, A.D. 2021*

**November 30, 2021**

JEFFREY TODD GROSS,

**Appellant**
**(Defendant),**

**v.**

**THE STATE OF WYOMING,**

**Appellee**
**(Plaintiff).**

S-21-0190

## ORDER *NUNC PRO TUNC* AFFIRMING THE DISTRICT COURT'S JUDGMENT AND SENTENCE

[¶1]   **This matter** came before the Court upon its own motion following notification that Appellant has not filed a *pro se* brief within the time allotted by this Court.  Appellant entered a conditional guilty plea to possession of a felony amount of marijuana.  Wyo. Stat. Ann. § 35-7-1031(c)(iii).  The district court imposed a three to five-year sentence, which was suspended in favor of two years of probation.  Appellant filed this appeal to challenge the district court's April 6, 2021 Order of Sentence and Unsupervised Probation.

[¶2]   On September 30, 2021, Appellant's court-appointed appellate counsel e-filed a Motion to Withdraw as Counsel, pursuant to *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967).  This Court subsequently entered an Order Granting Motion for Extension of Time to File *Pro Se* Brief.  This Court ordered that, on or before November 15, 2021, Appellant "may file with this Court a *pro se* brief which specifies the issues for the Court to consider in this appeal."  This Court also provided notice that, after the time for filing a *pro se* brief expired, this Court would "make its ruling on counsel's motion to withdraw, and if appropriate, make a final decision" on this appeal. This Court notes Appellant did not file a *pro se* brief or other pleading in the time allotted.

[¶3]   In considering the Motion to Withdraw as Counsel, this Court notes this matter involves a conditional guilty plea pursuant to W.R.Cr.P. 11(a)(2).  In *Maier v. State*, S-11-

0070, this Court ruled it would no longer accept *Anders* briefs in appeals involving conditional guilty pleas. This Court's order in *Maier* has not been changed in that respect. *See Cook v. State*, S-14-0274. Also, appellate counsel has not requested permission to file an *Anders* brief in this case. Nevertheless, for the sake of judicial economy, this Court finds it should treat appellate counsel's Motion to Withdraw as Counsel as if it includes a request for permission to file an *Anders* brief. The Court also finds it should grant such permission. At the same time, this Court hereby provides notice that it will not consider any further *Anders* briefs filed in violation of this Court's orders regarding *Anders* briefs. Instead, appellate counsel must request permission to file an *Anders* brief where such a brief is not allowed by this Court's orders, *i.e.*, the orders entered in the two cases cited in this paragraph.

[¶4]    Now, following a careful review of the record and the *Anders* brief submitted by appellate counsel, this Court finds that appellate counsel's motion to withdraw should be granted and the district court's Order of Sentence and Unsupervised Probation should be affirmed. It is, therefore,

[¶5]    **ORDERED** that the Wyoming Public Defender's Office, court-appointed counsel for Appellant Jeffrey Todd Gross, is hereby permitted to withdraw as counsel of record for Appellant; and it is further

[¶6]    **ORDERED** that the Albany County District Court's April 6, 2021 Order of Sentence and Unsupervised Probation be, and the same hereby is, affirmed; and it is further

[¶7]    **ORDERED** that this *nunc pro tunc* order replaces this Court's November 24, 2021 Order Affirming the District Court's Judgment and Sentence, and that earlier order is of no further effect.

[¶8]    **DATED** this 30th day of November, 2021.

BY THE COURT:

/s/

**KATE M. FOX**
**Chief Justice**